

| | | |
|---|---|---|
| **STEVEN BANKS**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 C<small>HURCH</small> S<small>TREET</small><br>N<small>EW</small> Y<small>ORK</small> , N<small>EW</small> Y<small>ORK</small> 10007 | **MARY O'FLYNN**<br>*Senior Counsel*<br>moflynn@law.nyc.gov<br>Phone: (212) 356-2352 |

February 26, 2026

**By ECF**
District Judge Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>NAACP New York State Conference et al. v City of New York et. al.,</u> 26-CV-00754 (DEH)

Your Honor:

      I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. I write on behalf of Defendant City of New York[1] to respectfully request: (1) a sixty day enlargement of time from March 10, 2026 until May 10, 2026 to answer or otherwise respond to the complaint and (2) a corresponding adjournment of the initial conference currently scheduled for March 4, 2026 at 11:30 am, and submission of the joint case management plan, until a date after the City has filed an answer or other response to the complaint. Plaintiffs consent to the City's request for a sixty-day enlargement of time to respond to the Complaint. However, Plaintiffs only consent to a two-week adjournment of the initial conference and filing of the joint case management plan.

      The City respectfully submits an adjournment of the initial conference is necessary so that this office can have sufficient time to investigate the claims asserted and properly prepare for the conference. By way of background, although it appears that the complaint was filed on January 28, 2026, it was not served on the City until almost three weeks later on February 17, 2026.[2]

---

[1] With respect to the individually named defendants, the docket does not reflect that any of individually named defendants have been served to date.

[2] Plaintiffs have asked this office to note that a courtesy copy of the Complaint and the Court's Initial Conference Order were emailed to our office on February 5, 2026. However, due to the

Plaintiffs, two individuals and an organizational plaintiff, allege, inter alia, that the NYPD has a vehicle search policy that intentionally targets Black and Latino drivers for unlawful vehicle searches. Individual plaintiff Christopher Oliver alleges he was subjected to four illegal vehicle searches on four different dates. Plaintiff Justin Cohen alleges he was subjected to an illegal vehicle search on one occasion. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will need time to investigate the allegations set forth in the complaint. This may require obtaining unsealing releases, pursuant to New York Criminal Procedure Law § 160.50, from the individual plaintiffs in order to obtain any of the underlying records. Once the unsealing releases are received it will take some time to request, obtain and review the records.

In light of the above, defendant City respectfully requests that the Court: (1) extend its time to answer or otherwise respond to the complaint to May 10, 2026; and (2) grant a corresponding adjournment of the initial conference currently scheduled for March 4, 2026 at 11:30 am, and submission of the joint case management plan, until a date after the City has filed an answer or other response to the complaint.

Thank you for your consideration of this request.

Application **GRANTED** in part and **DENIED** in part. Defendant shall respond to the complaint by **May 10, 2026**. The initial pretrial conference scheduled for March 4, 2026 is **ADJOURNED** to **March 18, 2026** at **12 P.M**. The Clerk of Court is respectfully directed to terminate ECF No. 17.

Respectfully submitted,

/s/*Mary O'Flynn*
Senior Counsel
Special Federal Litigation Division

SO ORDERED.

Dated: February 27, 2026
New York, New York

Dale E. Ho
United States District Judge

cc: All counsel by ECF

---

large volume of cases received by the City a case cannot be processed, reviewed or assigned until it is properly served. That process began last week once the City was actually served.