**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAACP NEW YORK STATE CONFERENCE, JUSTIN COHEN, CHRISTOPHER OLIVER, | CIVIL ACTION NO. 26-CV-754 (DEH) |
| Plaintiffs, | |
| v. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| CITY OF NEW YORK, COMMISSIONER JESSICA S. TISCH, in her individual and official capacity as Commissioner of the New York City Police Department, MICHAEL LIPETRI, in his individual and official capacity as Chief of Department for the New York City Police Department, ANDREW TRUPIANO, SETURAH BLEASE, ALLEN MOORE, MICHAEL LADUCA, MALIK CLAYBROOKS, JOHN DOE 1-10, JANE DOE 1-2, ANTHONY SALINE, BRENDAN LATIMER, JOHN BATULE, BRYAN SCHEBLEIN, JORGE PEREZ, CHARNEL TABON, GUSTAVO SANTANA, ZHONG YING, | |
| Defendants. | |

**WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY STIPULATED, AGREED, and ORDERED** that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1

1. Definitions of terms used in this stipulation:

   a. "Action" shall mean the above-captioned case currently pending before this Court: *NAACP New York State Conference et al. v. City of New York et al.*, No. 26-CV-754 (DEH).

   b. "Confidential Materials" shall mean any portion of documents, recordings, databases, or any other thing that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witnesses' medical records; and (c) a list from the New York City Police Department that identifies plaintiffs' prior arrests by date of arrest, charge(s), and disposition, including all sealed arrests.

   c. "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Action who is not the "Producing Party," as defined herein, for that document or information.

2. Documents shall not be designated "Confidential Material(s)" to the extent that they can be obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL"), are otherwise publicly available, or have otherwise been voluntarily provided by non-parties to the Action; provided that public availability and/or availability via FOIL does not relieve the

Producing Party of their duty to timely produce materials in this Action. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If the Producing Party does not agree to declassify such document or material within fourteen (14) days of the written request, the Receiving Party may move before the Court for an order declassifying such documents or materials. Notwithstanding anything to the contrary in this stipulation, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as confidential.

4.      A Receiving Party and that party's attorneys shall not disclose Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

5.      Except with prior written consent of the Producing Party or by order of the Court, the Receiving Party shall not furnish, show, or disclose the Confidential Materials to any person or entity other than:

    a.   personnel of the Parties who are engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b.   Defendants' attorneys may disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, only as necessary to the defense or settlement of this

Action and provided that they have been advised of their obligations hereunder;

c.  counsel for the Parties in this Action and any member of the staff of that attorney's office who are directly assisting such counsel in the preparation for this Action for trial or other proceeding herein, are under the supervision and control of such counsel, and who have been advised by such counsel of their obligations hereunder;

d.  expert witnesses or consultants retained by the Parties or their counsel, or who have otherwise consulted with the Parties' counsel, in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this action or other proceeding herein; provided that such Confidential Material is furnished, shown, or disclosed in accordance with Paragraph 6 below;

e.  the Court and court personnel;

f.  an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

g.  trial and deposition witnesses;

h.  any other person agreed to by the Producing Parties; and

i.  with regard to medical records, the individual who provided the treatment described in Confidential Materials or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6.  Before any disclosure is made to a person listed in subparagraphs (a) or (b) above, the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except

4

in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

7.    The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

8.    Any party seeking to file papers with the Court that incorporate Confidential Materials (that is not within the categories of information enumerated in the Court's Individual Rule 6(b)) shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials, following the procedure specified in the Court's Individual Rule 6(d), and shall indicate whether any other party objects to that request.

9.    An inadvertent failure to designate documents as "Confidential Material" may be corrected by promptly, within seven (7) days of learning of the failure, providing supplemental written notice to the Receiving Party, who thereafter shall treat such document as if it they had been properly designated originally; provided, however, that the Producing Party shall promptly, upon learning of the failure and providing the herein notice, re-produce the material with the

appropriate designation. The Receiving Parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the Producing Party all copies, both hardcopy and electronic, of the previously produced documents.

10.     A Party may designate as Confidential Material any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion of such materials or information, except as otherwise provided in Paragraph 2. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.

11.     If a Producing Party designates any document as "Confidential Material" after it has already been produced without such designation, the prior release shall not be deemed a violation of this Protective Order, but such documents and information, once designated as Confidential Material, shall be treated hereafter as Confidential Material, unless the parties resolve the matter or the Court issues a ruling that such document or information is not Confidential Material.

12.     Inadvertent, unintentional production of any document or information which is privileged, was prepared in anticipation of litigation, or that is subject to in camera review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. A Producing Party shall notify the

6

Receiving Party of an inadvertent disclosure within seven (7) days from discovering the inadvertent disclosure and within three (3) business days of receipt of the notice, the Receiving Party will inform the Producing party if it challenges the designation in a responsive writing. If the Receiving Party does not challenge the designation, then the Receiving Party shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

13.    Any person receiving Confidential Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Protective Order and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14.    The production or disclosure of Confidential Material shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this Action or in any other action. Nothing in this Protective Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Material designation shall not preclude a Party or non-party from making a subsequent challenge as to those documents or information.

15.    Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request

16.    This Protective Order is entered without prejudice to the right of any Party to seek relief from, or modification of, this Protective Order or any of its provisions by a properly noticed

motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Rules of Civil Procedure or other applicable law.

17.     Nothing in this Protective Order shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

18.     This Protective Order will survive the termination of the Action and will continue to be binding upon all persons or entities to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Actions have been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval, except that such materials may be used in ongoing monitoring and enforcement of any settlement or other relief ordered by the Court.

19.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

20. This Protective Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

(continues on next page)

21.    The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential.  The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated:    New York, New York
          April 1, 2026

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
By: Daniel R. Lambright
125 Broad Street, 19th Floor
New York, New York 10004

*Attorneys for Plaintiffs*

NEW YORK CITY LAW DEPARTMENT
OFFICE OF STEVEN BANKS
Corporation Counsel of the City of New York
By: Tobias E. Zimmerman
100 Church Street
New York, NY 10007

*Attorneys for Defendant City of New York*

THE BRONX DEFENDERS
By: Anne Venhuizen
360 E. 161st Street
Bronx, New York 10451

*Attorneys for Plaintiffs*

MILBANK LLP
By: Nicole Valente
55 Hudson Yards
New York, New York 10001

*Attorneys for Plaintiffs*

Dated:    April 2, 2026
          New York, New York

**SO ORDERED:**

HONORABLE DALE E. HO
United States District Judge

9

**<u>EXHIBIT A</u>**

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated April 1, 2026, entered into the Action entitled *NAACP New York Conference, et al. v. City of New York, et al.*, No. 26-cv-754 (DEH)*, and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____     Signature: _____

                                Print Name: _____

                                Occupation:_____