UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAACP NEW YORK STATE CONFERENCE, JUSTIN COHEN, and CHRISTOPHER OLIVER<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, COMMISSIONER JESSICA S. TISCH, in her individual and official capacity as Commissioner of the New York City Police Department, MICHAEL LIPETRI, in his individual and official capacity as Chief of Department for the New York City Police Department, ANDREW TRUPIANO, SETURAH BLEASE, ALLEN MOORE, MICHAEL LADUCA, MALIK CLAYBROOKS, JOHN DOE 1-10, JANE DOE 1-2, ANTHONY SALINE, BRENDAN LATIMER, JOHN BATULE, BRYAN SCHEBLEIN, JORGE PEREZ, CHARNEL TABON, GUSTAVO SANTANA, and ZHONG YING,<br><br>Defendants. | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, COMMISSIONER JESSICA S. TISCH AND CHIEF MICHAEL LIPETRI**<br><br>No. 26 Civ. 00754 (DEH)<br><br>**Jury Trial Demanded** |

Defendants City of New York, Commissioner Jessica S. Tisch, and Chief Michael LiPetri, by their attorney Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Complaint filed January 28, 2026, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

2.      Denies the truth of the allegations set forth in paragraph "2" of the Complaint except admit that the New York City Police Department complies with all legal obligations to share

information publicly, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except deny that Plaintiffs were targeted for search based on racial identity.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that individual Plaintiffs are joined by organizational plaintiff NAACP NYS.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that

Plaintiffs purport to proceed as stated therein.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Jessica S. Tisch is currently employed by the City of New York as the Police Commissioner of New York City, and that Plaintiffs purport to sue her in her individual and official capacities.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Michael LiPetri is currently employed by the City of New York as the Chief of Department for NYPD, and that Plaintiffs purport to sue him in his individual and official capacities.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that Andrew Trupiano is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to sue him in his individual and official capacities.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Seturah Blease is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against her in her individual and official capacities.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Allen Moore is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Michael Laduca is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Malik Claybrooks is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Anthony Saline is or was previously employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Brendan Latimer is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that John Batule is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Bryan Scheblein is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Jorge Perez is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Charnel Tabon is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Gustavo Santana is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Zhong Ying is employed by the City of New York as a member of NYPD, and that Plaintiffs purport to proceed against him in his individual and official capacities.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that the NYPD conducts numerous vehicular stops and searches as part of its legitimate law enforcement activities.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

5

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint including the footnote thereto, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint including the footnote thereto, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

42. Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

46. Deny the allegations set forth in paragraph "46" of the Complaint

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to the

New York Vehicle & Traffic Law as it speaks for itself.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except Deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning statements made by individuals in the past.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the opinions of the Court in *Floyd v. City of New York* as they speak for them-selves.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, and respectfully refer the Court to the referenced data published by the City as it speaks for itself.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, except admit that NYPD has operated a program referred to as "Operation Impact".

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to the referenced studies as they speak for themselves.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, and respectfully refer the Court to the referenced prior opinions as they speak for themselves.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint including the footnote thereto, except admit that starting in 2022, NYPD has deployed, at various times, specialized units called "Neighborhood Safety Teams" and "Community Response Teams" to conduct precision policing, and state that NYPD no longer has "anti-crime" units.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, except admit that NST and CRT officers are frequently deployed in unmarked cars and plain-clothes or in a modified NYPD uniform, and state that NYPD no longer has "anti-crime" units.

70.     Deny the allegations set forth in paragraph "70" of the Complaint, and state that NYPD no longer has "anti-crime" units.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except state that reports issued by the court-appointed monitor speak for themselves and respectfully refer the Court to those reports for a full recitation of their contents.

72.     Deny the allegations set forth in paragraph "72" of the Complaint, except state that reports issued by the court-appointed monitor speak for themselves and respectfully refer the Court to those reports for a full recitation of their contents.

73.     Denies the truth of the allegations set forth in paragraph "73" of the Complaint, except state that reports issued by the court-appointed monitor speak for themselves and respectfully refer the Court to those reports for a full recitation of their contents.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except state that reports issued by the court-appointed monitor speak for themselves and respectfully refer the Court to those reports for a full recitation of their contents.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except admit that former Chief Pontillo's stated opinions speak for themselves.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that Tisch was appointed the 48th Police Commissioner in November 2024, and since then has final authority over most policing policies.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except admit that Commissioner Tisch has final authority over NYPD's policing policies, including policies concerning vehicular searches.

80. Deny the allegations set forth in paragraph "80" of the Complaint, except admit that Commissioner Tisch has final authority over the NYPD's deployment decisions, and state that NYPD no longer has "anti-crime" units.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except admit that prior to being appointed to the position of Chief of Department in the December 2025, LiPetri held the role of Chief of Crime Control Strategies at NYPD.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint, except deny that NYPD deploys officers to target members of particular races or ethnicities and further deny that precincts can be described as "Black" or "Latino."

83. Deny the allegations set forth in paragraph "83" of the Complaint, except admit that the Chief of Department works regularly and closely with the Commissioner, and that reducing gun violence and seizing illegal firearms are priorities of NYPD.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except admit that as the current NYPD Commissioner Tisch has final authority over NYPD's policing policies.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that Commissioner Tisch has final authority over NYPD's policing policies.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, and respectfully refer the Court to the Patrol Guide, which speaks for itself.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that on April 25, 2021, the New York City Council and voters amended the New York City Charter to clarify the authority of the Civilian Complaint Review Board (CCRB) to investigate bias-based policing and racial profiling complaints made against members of NYPD.

95.     Deny the allegations set forth in paragraph "95" of the Complaint insofar as they include subjective characterizations of documents that speak for themselves, and respectfully refer the Court to said report for a full recitation of its content as it speaks for itself.

96.     Deny the allegations set forth in paragraph "96" of the Complaint to the extent that they materially differ from official information published by CCRB, and respectfully refer the Court to said publications for a full recitation of their contents.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint insofar as the quoted document speaks for itself, and respectfully refer the Court to said report for a full recitation of its contents.

99.     Deny the allegations set forth in paragraph "99" of the Complaint insofar as the quoted document speaks for itself, and generally denies the truth and accuracy of the cited report.

100.    Deny the allegations set forth in paragraph "100" of the Complaint insofar as the quoted document speaks for itself, and generally denies the truth and accuracy of the cited report.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

11

102.    Deny the allegations set forth in paragraph "102" of the Complaint, and respectfully refer the Court to information publicly released by NYPD and CCRB for a full recitation thereof.

103.    Deny the allegations set forth in paragraph "103" of the Complaint insofar as they contain subjective characterizations of publicly available reports, and respectfully refer the Court to said reports for a full recitation of their contents.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.    [The Complaint does not contain a paragraph numbered "112"].

113.    [The Complaint does not contain a paragraph numbered "113"]..

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "126" of the Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "149" of the Complaint.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint, except admit that Mr. Oliver's Notice of Claim was served on April 10, 2025 and that no adjustment or payment has been made on that claim.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint including the footnote thereto.

157. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

16

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "171" of the Complaint.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

185. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Complaint.

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint, except admit that CCRB received a complaint, investigated the allegations, and substantiated certain allegations in the complaint.

188. Deny the allegations set forth in paragraph "188" of the Complaint, except Deny knowledge and information sufficient to form a belief as to the allegations contained in the footnote thereto.

189. Deny the allegations set forth in paragraph "189" of the Complaint, except admit that Mr. Cohen filed a document purporting to be a Notice of Claim on or about September 18, 2023, and that no adjustment or payment has been made on that claim.

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

191. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint.

192. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

19

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

204.    Deny the allegations set forth in paragraph "204" of the Complaint, except admit

that Plaintiffs purport to lay venue as stated therein.

205.    In response to the allegations set forth in paragraph "205" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

206.    Deny the allegations set forth in paragraph "206" of the Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint, except admit that NAACP NYS purports to proceed as stated therein.

210.    In response to the allegations set forth in paragraph "210" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

211.    Deny the allegations set forth in paragraph "211" of the Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint.

214.    Admit that NAACP NYS has advanced the allegations set forth in paragraph "214" of the Complaint, and denies the truth of those allegations.

215.    In response to the allegations set forth in paragraph "215" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Admit that NAACP NYS has advanced the allegations set forth in paragraph "219" of the Complaint, and denies the truth of those allegations.

220.    In response to the allegations set forth in paragraph "220" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

221.    Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Admit that NAACP NYS has advanced the allegations set forth in paragraph "224" of the Complaint, and denies the truth of those allegations.

225.    In response to the allegations set forth in paragraph "225" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Admit that NAACP NYS has advanced the allegations set forth in paragraph "229" of the Complaint, and denies the truth of those allegations.

<u>**AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:**</u>

230.    The Complaint fails to state a claim upon which relief can be granted because it fails to allege facts that, if proven, would support the claims against Defendants.

<u>**AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE:**</u>

231.    Defendants City, Tisch, and LiPetri have not violated any rights, privileges or

22

immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:

232.    Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of Defendants City, Tisch, or LiPetri  because the City is not liable for actions taken by its employees that are not in conformance with the rules and regulations set forth for the conduct of those employees.

### AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE:

233.    Defendants Tisch and LiPetri have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### AS AND FOR A FIFTH DEFENSE / AFFIRMATIVE DEFENSE:

234.    There was reasonable suspicion supporting any vehicle search alleged in the Complaint and probable cause existed for any arrest and/or detention described in the Complaint.

### AS AND FOR A SIXTH DEFENSE / AFFIRMATIVE DEFENSE:

235.    Plaintiffs have failed to comply with New York General Municipal Law §§ 50(e), et seq. because they failed to comply with the notice requirements under this statute.

### AS AND FOR A SEVENTH DEFENSE / AFFIRMATIVE DEFENSE:

236.    Plaintiffs' claims are barred, in part, by the applicable statutes of limitations.

### AS AND FOR A EIGHTH DEFENSE / AFFIRMATIVE DEFENSE:

237.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore,

23

the City has governmental immunity from liability under state law.

## AS AND FOR A NINTH DEFENSE / AFFIRMATIVE DEFENSE:

238.    At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion because based on the allegations in the Complaint, reasonable suspicion and/or probable cause existed for Plaintiff's arrest and/or detention.

**WHEREFORE,** Defendants City of New York, Commissioner Jessica S. Tisch, and Chief Michael LiPetri request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        May 26, 2026

**STEVEN BANKS**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants City, Tisch, and LiPetri*
100 Church Street
New York, New York 10007
(212) 356-2423

By:  _____
     Tobias E. Zimmerman
     *Senior Counsel*
     Special Federal Litigation Division

To:   **NEW YORK CIVIL LIBERTIES UNION FOUNDATION**
     Daniel R. Lambright
     Thomas Munson
     Elizabeth Gyori
     Ifeyinwa K. Chikezie
     Robert Hodgson
     Molly K. Biklen
     125 Broad St., 19th Floor
     New York, New York 10004

     **THE BRONX DEFENDERS**
     Anne Venhuizen
     Trisha Trigilio

360 E. 161st Street
Bronx, New York 10451


**MILBANK LLP**
Katherine Kelly Fell
Nicole D. Valente
Ariadne M. Ellsworth
55 Hudson Yards
New York, New York 10001